```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY


                                    :
WINSTON WOMBLE,                     :
                                    :   Civil Action No. 16-3836(NLH)
               Petitioner,          :
                                    :
          v.                        :   OPINION
                                    :
UNITED STATES OF AMERICA,           :
                                    :
               Respondent.          :
                                    :
```

**APPEARANCES:**

WINSTON WOMBLE
FCI-FORT DIX
INMATE MAIL/PARCELS
P.O. BOX 2000
JOINT BASE MDL, NJ 08640

    Pro se Petitioner.

DIANA V. CARRIG
OFFICE OF THE U.S. ATTORNEY
DISTRICT OF NEW JERSEY
401 MARKET STREET
4TH FLOOR
CAMDEN, NJ 08101

    Counsel for Respondent.

**HILLMAN**, **District Judge**

    Petitioner Winston Womble, a prisoner currently confined at the Federal Correctional Institution, Fort Dix, files the present motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (the "Petition" or "Motion").  Respondent argues that Petitioner's Motion must be dismissed because it is barred by a

binding waiver of collateral attack contained in Petitioner's plea agreement.  For the reasons stated herein, the Petition will be dismissed.

## BACKGROUND

In or about August of 2012 through October 1, 2012, Petitioner conspired with others to purchase approximately four (4) kilograms of cocaine; unbeknownst to Petitioner, the seller was an undercover law enforcement officer.  (ECF No. 14-1 ("Plea Transcript" or "T.") at 35:22 to 36:9).  After various meetings with the undercover officer, Petitioner attempted to complete the purchase and was arrested.  See (T37:20 to T38:5).  At the time he was apprehended, Petitioner was in possession of three (3) firearms.

Petitioner was charged, by criminal complaint, with one count of conspiracy to distribute and possess with the intent to distribute cocaine in excess of 500 grams, in violation of 21 U.S.C. § 846.  United States v. Womble, No. 13-cr-507, ECF No. 1 (D.N.J. Oct. 2, 2012).  Petitioner and the Government entered plea negotiations and ultimately reached an agreement: in exchange for Petitioner's guilty plea to the charge in the complaint, the Government would not initiate further criminal charges against him relating to the above-referenced conspiracy or firearm possession.  (ECF No. 14 at 15).  The parties also agreed that Petitioner would waive certain rights to file an

2

appeal or collateral attack, including a motion under 28 U.S.C. § 2255 "if th[e] sentence [imposed] falls within or below the Guidelines range that results from a total Guidelines offense level of 29."[1]  (ECF No. 14 at 23, 29-30).

On August 2, 2013, Petitioner appeared before the Court for a plea hearing.  Petitioner was extensively questioned regarding the plea agreement and repeatedly acknowledged that the agreement contained a collateral attack waiver:

> THE COURT: The law permits every defendant such as yourself, as well as the government, to file an appeal of your sentence if either you or the government believe that there has been an error. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: The general right of appeal for all defendants.  Do you understand that?
>
> THE DEFENDANT: Yes.

---

[1] The Court pauses briefly to discuss this frequently used term of art.  Before reaching the sentencing guidelines range for term of imprisonment, a Court must first determine the applicable offense level and criminal history category.  <u>An Overview of the Federal Sentencing Guidelines</u>, United States Sentencing Commission, https://www.ussc.gov/sites/default/files/pdf/about/overview/Overview_Federal_Sentencing_Guidelines.pdf (last visited Feb. 10, 2020).  Once the final offense level and the criminal history category have been ascertained, the Court can turn to the sentencing table to determine the Guidelines range. "The point at which the final offense level and the criminal history category intersect on the Commission's sentencing table determines the defendant's sentencing guideline range."  <u>Id.</u>  As suggested above, the term "guidelines range," therefore, relates to the range of months of imprisonment scheduled for a particular offense level/criminal history category combination.

>THE COURT: All right.  Now, there is a similar
>form of appeal called a collateral challenge or a
>2255 petition.  That's a form of appeal made to
>this Court or a court like this, rather than to
>the Appellate Court.  Do you understand generally
>defendants have that right as well?
>
>THE DEFENDANT: Yes.
>
>THE COURT: All right.  Do you understand that
>you're giving up your right to appeal or
>challenge your sentence, collaterally, in the
>situations set forth in the plea agreement?
>
>THE DEFENDANT: Yes.
>
>THE COURT: More specifically, Paragraph 10, which
>represents -- 10 and, to some extent, 11 that
>represent an appellate waiver here.  Do you
>understand that?
>
>THE DEFENDANT: Yes.
>
>THE COURT: All right.  Now, more specifically, in
>terms of that appellate waiver, do you understand
>that if I impose a term of imprisonment that
>falls within or below the guideline range that
>results from a guideline offense level of 29 or
>less, you cannot appeal or otherwise challenge
>your sentence?
>
>THE DEFENDANT: Yes.

(T30:1 – T31:5).  The Court concluded, after additional colloquy with Petitioner, that "Mr. Womble is an intelligent person, that he's understood the questions that I have posed to him and answered responsively."  (T43:7-9).

Pursuant to the plea agreement, Petitioner was found guilty of conspiracy to possess with the intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 846.  (ECF No.

4

14 at 37). At sentencing, the Court calculated an initial offense level of 31 but varied downward one level, resulting in a final offense level of 30.[2] (ECF No. 14 at 33-36; Sentencing Transcript at 7:1-8:15 (D.N.J. Oct. 30, 2014)). The relevant Guidelines range for a level 30 offense at a Category VI criminal history category was 168-210 months. See U.S.S.G., Ch. 5, Pt. A (2012). After considering all the factors set forth in 18 U.S.C. § 3553(a), the Court imposed a sentence of 180 months of imprisonment and a subsequent term of five (5) years' supervised release. (ECF No. 14 at 33, 38-39). Such a sentence is within the Guidelines range of a level 30, Category VI. But such a sentence is also within the Guidelines range for an offense level of 29. See U.S.S.G., Ch. 5, Pt. A (2012) (Guidelines range of between 151 and 188 months for an offense level of 29 and criminal history category VI).

On August 11, 2014, Petitioner filed the first of two direct appeals challenging his sentence. United States v. Womble, No. 14-3583 (3d Cir. 2014). Relying on the appeal waiver in Petitioner's plea agreement, the Government filed a Motion for Summary Action seeking dismissal of the appeal. United States v. Womble, No. 14-3583, Doc. # 3111758235 (3d Cir.

---

[2] The Court also determined that a criminal history category of VI applied. United States v. Womble, No. 13-cr-507, ECF No. 28 ("Sentencing Transcript") at 7:20-25 (D.N.J. Oct. 30, 2014).

5

Oct. 7, 2014). In that filing, which this Court has reviewed, the Government explained the waiver and argued that, while Petitioner was sentenced at a level 30, the appeal waiver applied because the sentence imposed remained within the Guidelines range applicable to a level 29 offense. (Id. at 5). The Third Circuit granted the Government's motion. United States v. Womble, No. 14-3583, Doc. # 3111815878 (3d Cir. Dec. 9, 2014). Petitioner sought rehearing en banc, which the Third Circuit denied. United States v. Womble, No. 14-3583, Doc. # 3112013953 (3d Cir. July 10, 2015). Petitioner subsequently filed a writ of certiorari with the Supreme Court of the United States, which was denied on January 11, 2016. Womble v. United States, 136 S. Ct. 862, 193 L. Ed. 2d 759 (2016).

On December 6, 2016, Petitioner filed a second direct appeal with the Third Circuit. United States v. Womble, No. 16-4266 (3d Cir. Dec. 9, 2016). The Third Circuit summarily dismissed that appeal for lack of appellate jurisdiction and reaffirmed the applicability of the appellate waiver:

> The foregoing appeal is dismissed for lack of appellate jurisdiction. . . . Moreover, appellant previously appealed the judgment of sentence and commitment order in this matter. We granted the Government's motion to summarily dismiss the appeal due to appellant's appellate waiver in December 2014. See C.A. No. 14-3583.

United States v. Womble, No. 16-4266 Doc. # 3112605259 (3d Cir. Apr. 26, 2017).

6

Petitioner filed an initial § 2255 petition on June 28, 2016 (ECF No. 1).  On January 3, 2017, Petitioner filed a supplement to the initial petition (ECF No. 2).  The Court issued a Notice and Order advising Petitioner that, pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999), he could either (1) have his pleadings ruled upon as filed, (2) withdraw his successive filings, or (3) file an amended petition.  (ECF No. 8).  On January 5, 2018, Petitioner filed an amended § 2255 petition (ECF No. 9).  The Government answered on May 17, 2018 (ECF No. 14) and Petitioner filed a response on June 29, 2018 (ECF No. 15).  Therefore, the operative petition before this Court is docketed at ECF No. 9.  This matter is fully briefed and ripe for adjudication.

## ANALYSIS

I.   Legal Standard: 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a); see gen. U.S. v. Thomas, 713 F.3d 165 (3d Cir. 2013), cert. denied, 570 U.S. 927, 133 S. Ct. 2873, 186 L.

Ed. 2d 926 (2013) (detailing the legislative history of § 2255).

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief.  See United States v. Davies, 394 F.3d 182, 189 (3d Cir. 2005).  Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal."  United States v. Frady, 456 U.S. 152, 166, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982).

Finally, this Court notes its duty to construe pro se pleadings liberally.  See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007) (citing Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)).

II.  Waiver

Respondent contends that the Petition should be dismissed because Petitioner waived his right to collaterally attack his sentence.  The Court agrees.

"Criminal defendants may waive both constitutional and statutory rights, provided they do so voluntarily and with knowledge of the nature and consequences of the waiver." U.S. v. Mabry, 536 F.3d 231, 236 (3d Cir. 2008), cert. denied, 557 U.S. 903 (2009).  Thus, in criminal proceedings, a prisoner's waiver of the right to appeal a conviction or sentence, or to challenge a conviction or sentence collaterally, as through § 2255, will be enforced "provided that they are entered into

8

knowingly and voluntarily and their enforcement does not work a miscarriage of justice." Mabry, 536 F.3d at 237 (citing U.S. v. Khattak, 237 F.3d 557, 562 (3d Cir. 2001)). The "miscarriage of justice" exception is narrow and applies only in "unusual circumstance[s]." See Brown v. Zickefoose, 531 F. App'x 219, 222 (3d Cir. 2013) (quoting Khattak, 273 F.3d at 562). The Court of Appeals for the Third Circuit has instructed district courts to consider the following factors before relieving a prisoner of a waiver:

> [T]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

Khattak, 273 F.3d at 562 (quoting United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)).

In deciding a § 2255 motion, a district court "has an independent obligation to conduct an evaluation of the validity of a collateral waiver." Mabry, 536 F.3d at 238. "As courts widely agree, '[a] valid and enforceable appeal waiver . . . only precludes challenges that fall within its scope.'" Garza v. Idaho, 139 S. Ct. 738, 744, 203 L. Ed. 2d 77, 86 (2019) (quoting United States v. Hardman, 778 F.3d 896, 899 (11th Cir. 2014)).

9

In determining the scope of a plea agreement's appellate-waiver provision, courts are guided by the "well-established principle that plea agreements, although arising in the criminal context, are analyzed under contract law standards."  United States v. Corso, 549 F.3d 921, 927 (3d Cir. 2008), cert. denied, 557 U.S. 915, 129 S. Ct. 2819, 174 L. Ed. 2d 311 (2009) (quoting United States v. Goodson, 544 F.3d 529, 535 n.3 (3d Cir. 2008)) (internal citation marks and citations omitted).  The Third Circuit has explained that, in light of those standards, "the language of [an appellate] waiver, like the language of a contract, matters greatly" to the analysis.  Id. (quoting Goodson, 544 F.3d at 535).

Under the relevant plea agreement, Petitioner agreed that he "voluntarily waives[] the right to file any appeal, any collateral attack, or any other writ or motion, including . . . a motion under 28 U.S.C. § 2255, which challenges the sentence imposed . . . if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 29."  (ECF No. 14 at 23).  Utilizing general contract interpretation principles, the Court finds the plea agreement's collateral attack waiver is triggered by imposition of a sentence within the range suggested at a level 29.  While the Court ultimately calculated an offense level of 30 at Step 3 of the sentencing process after a variance, the sentence Petitioner

10

ultimately received was one within the "Guidelines range" applicable to a "Guidelines offense level of 29." Under the applicable sentencing guidelines, the Guidelines range for an offense level of 29 was between 151 and 188 months. U.S.S.G., Ch. 5, Pt. A (2012). Petitioner was sentenced to a term of 180 months, well within that Guidelines range of a level 29. Accordingly, like the appellate waiver, the waiver applicable to collateral challenges applies with equal force.

Moreover, the Third Circuit has twice considered the veracity of Petitioner's appellate waiver and, based that waiver, dismissed direct appeals challenging the sentence imposed. See, e.g., United States v. Womble, No. 16-4266, Doc. # 3112605259 (3d Cir. Apr. 26, 2017) ("We granted the Government's motion to summarily dismiss the appeal due to appellant's appellate waiver in December 2014."). Under the law of the case doctrine, "when a [circuit] court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." Anderson v. Comm'r, 698 F.3d 160, 166-67 (3d Cir. 2012) (quoting Arizona v. California, 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983)).

While the issue here is slightly different in that the appeals court addressed the appellate waiver and here we apply the wavier of collateral attack, the operative waiver language

11

is the same and the provision works hand-in-glove. The parties bargained for a waiver of both of Petitioner's rights of review. There is no reason, based on the plain language of the plea agreement, to treat the wavier of collateral review any differently in this Court than the Court of Appeals did in addressing the appellate waiver. The Petition will, therefore, be dismissed as it violates the parties' plea agreement barring collateral review.

### III. No Evidentiary Hearing is Necessary

Section 2255 gives a district court some discretion whether to hold an evidentiary hearing on a § 2255 motion. See U.S. v. Carter, 477 F. App'x 875, 876 (3d Cir. 2012) (citing Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989)). In exercising that discretion, a district court must first determine whether the facts asserted, viewed in the light most favorable to the prisoner, if proven, would entitle the prisoner to relief; if so, the district court then must consider whether an evidentiary hearing is needed to determine the truth of the allegations. See Nickens v. U.S., No. 09-cv-4278, 2011 WL 4056287, *5 (D.N.J. Sept. 12, 2011) (citing Gov't of the Virgin Islands v. Weatherwax, 20 F.3d 572, 574 (3d Cir. 1994)). Thus, a district court may summarily deny a § 2255 motion, without a hearing, only where the "the motion and the files and records of the case conclusively show that the prisoner is entitled to no

12

relief[.]"  28 U.S.C. § 2255(b); U.S. v. McCoy, 410 F.3d 124, 134 (3d Cir. 2005).

Because Petitioner waived his right to collaterally challenge his sentence as it was actually imposed, there is no need for an evidentiary hearing.

IV. Certificate of Appealability Will Not Issue

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (citations omitted).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

13

debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000).

Here, jurists of reason would not disagree with this Court's determinations regarding the enforceability of the waiver of collateral attack. As such, no certificate of appealability will issue.

## **CONCLUSION**

For the reasons set forth above, the Petition shall be dismissed. An appropriate order follows.

Date: July 27, 2020      s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.